1 BRIAN J. STRETCH (CABN 163973)
United States Attorney
2
BARBARA VALLIERE (DC439353)
3 Chief, Criminal Division

4 ZACHARY M. GLIMCHER (CABN 308053)
Assistant United States Attorney
5    1301 Clay Street, Suite 340-S
     Oakland, California 94612
6    Telephone: (510) 637-3680
     Facsimile:  (510) 637-3724
7    E-mail: zachary.glimcher@usdoj.gov

8 Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 14-00330 JD/ CR 14-00334 JD |
|---|---|
| Plaintiff, | ) **[PROPOSED]** ORDER OF DETENTION<br>) **AS MODIFIED** |
| v. | ) |
| TIMOTHY MICHAEL BAKER, | ) |
| Defendant. | ) |

The parties appeared before the Honorable Kandis A. Westmore on May 02, 2016 for arraignment on new charges in an amended petition for supervised release violation, following the arrest of defendant, Timothy Michael Baker. At the hearing, the government moved to detain Baker, arguing that Baker could not meet his burden of demonstrating by clear and convincing evidence that he is not a risk of non-appearance or a danger to the community. Baker opposed that motion and asked to be released from custody, requesting to return to his job[1] and his parents' home where he could be subject to home confinement.

In the supervised release revocation context, the burden is on the defendant seeking release to

---

[1] Although Baker expressed concern that he might lose his job if he is detained, the Court notes inevitability of that result, given the charges pending against him.

"establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); United States v. Loya, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against Baker, the Court finds that Baker did not meet his burden to provide clear and convincing evidence that he is not a flight risk or that he does not pose a danger to any other person or the community. The Court therefore orders Baker detained.

In considering the Court's record and the information presented at the hearing, the Court finds that Baker did not meet his burden to provide clear and convincing evidence that he is not a flight risk or a danger because: (1) this petition alleges that Baker evaded police on his motorcycle, engaging in numerous activities that endangered the community, including speeding at approximately 90 mph, running a red light, and crossing into oncoming traffic lanes; (2) Baker was probably under the influence of methamphetamine while he evaded police; and (3) Baker has several charges pending against him, involving the possession, use and possession for sale of controlled substances, including cocaine, amphetamines, and methamphetamine.

Moreover, after being released from custody to go to a residential reentry center, Mr. Baker continued to use methamphetamine and was terminated from the RRC. Therefore, the court does not believe that Mr. Baker is likely to comply with the conditions of his supervised release if released at this time.

The defendant is committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall

///

[PROPOSED] DETENTION ORDER
CR 14-00330 JD

deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED 5/5/17

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 14-00330 JD